IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD MASCIO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 08-cv-294-DRH |
| | ) |
| DONALD COLLINS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

Plaintiff, an inmate at the Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks damages for violations of his Eighth Amendment rights. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Upon careful review of the

complaint and the supporting exhibits, the Court finds that portions of the complaint should be dismissed pursuant to § 1915A.

**THE COMPLAINT**

Plaintiff alleges that on June 26, 2007, he was beaten and sexually assaulted by Donald Collins, a federal inmate, while confined at the Fayette County, Illinois, Jail. Plaintiff further alleges that Defendants "J.D." and "Joe" denied him adequate medical care for the injuries he sustained during the attack.

**DISCUSSION**

Plaintiff's claim that he was denied adequate medical care for his injuries by Defendants "J.D." and "Joe" (both of whom are alleged to be jail employees) in violation of the Eighth Amendment survives review under § 1915A and should not be dismissed at this time.

Plaintiff's claim against Defendant Collins, however, should be dismissed pursuant to § 1915A. Title 42 U.S.C. § 1983 imposes liability only on persons acting under "color of" state law. Defendant Collins is alleged to be a federal inmate, a private party, and not a state government official . It is axiomatic that Collins was not authorized or empowered by state law to beat Plaintiff. Therefore, Plaintiff's claim against Defendant Collins should be dismissed for failing to state a claim. The dismissal of Plaintiff's claim counts as a "strike" for purposes of 28 U.S.C. § 1915(g). *See George v. Smith,* 507 F.3d 605, 607-08 (7th Cir. 2007); *Boriboune v. Berge,* 391 F.3d 852, 855 (7th Cir. 2004).

Also before the Court is Plaintiff's motion for appointment of counsel (Doc. 3).. There is no absolute right to appointment of counsel in a civil case. *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Peterson v. Nadler*, 452 F.2d 754 (8th Cir. 1971). When presented with a request to appoint

counsel, the Court must make the following inquiries: "(1) has the ... plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d647, 854-55 (7th Cir. 2007). With regard to the first step of the inquiry, there is no indication at all whether Plaintiff has attempted to obtain counsel or been effectively precluded from doing so.

With regard to the second step of the inquiry,"the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Id*. Plaintiff's claims are not that factually complex. From a legal standpoint, the litigation of any constitutional claim falls in the range of complex. Nevertheless, based on Plaintiff's pleadings in this case based on Plaintiff's representation of himself in other cases**,** *See Mascio v. Redman*, No. 3:07-cv-740 (S.D. Ill.); *Mascio v. Priddy*, No. 3:08-cv-107 (S.D. Ill.), this Court concludes that - at this time - Plaintiff appears to be competent to litigate his case. Therefore, Plaintiff's motion for the appointment of counsel will be **DENIED**, without prejudice.

**DISPOSITION**

**IT IS HEREBY ORDERED** that Plaintiff's claim against Defendant Collins is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A. This dismissal counts as a "strike" for purposes of § 1915(g).

Plaintiff's motion for appointment of counsel (Doc. 3) is **DENIED** without prejudice.

The Clerk is **DIRECTED** to send Plaintiff **TWO** USM-285 forms with Plaintiff's copy of this Memorandum and Order. **Service shall not be made on Defendants "J.D." and "Joe" until such time as (1) the Plaintiff has identified these Defendants by their proper names on a properly completed USM-285 form; (2) Plaintiff has submitted the properly completed USM-**

**285 form to the Court; and (3) Plaintiff has identified Defendants "J.D." and "Joe" in a properly filed amended complaint.** Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the proper names and service addresses for these individuals.

**IT IS FURTHER ORDERED** that within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order, Plaintiff shall advise the Court, in writing, of the steps he has taken, if any, to obtain the proper names and service addresses of Defendants "J.D." and "Joe."

**IT IS FURTHER ORDERED** that if Plaintiff fails to advise the Court, in writing, of the steps he has taken to obtain the proper names and service addresses of the Defendants "J.D." and "Joe" within the time period specified, then his complaint may be dismissed pursuant to Rule 41 of the Federal Rules of Civil Procedure.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for any Defendant properly identified by Plaintiff and for whom Plaintiff submits a properly completed USM-285 form. The Clerk shall forward the completed Form 1A, the completed Form 1B, the properly completed USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on the identified Defendants in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the identified Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by an identified defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon each identified defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk

of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**DATED:** October 16, 2008.

                                                   **/s/**      DavidRHerndon
                                                   **DISTRICT JUDGE**